(December 28, 1914.)

STACK-GIBBS LUMBER CO., a Corporation, Respondent,
v. CAMERON LUMBER CO., a Corporation, Appellant.

[144 Pac. 1121.]

APPEAL from the District Court of the Eighth Judicial
District for Kootenai County. Hon. Robert N. Dunn, Judge.

Action in equity to enjoin the defendant company from
in any manner interfering with the booms and sorting works
of the plaintiff, at or near the mouth of the Coeur d'Alene
river. Judgment for plaintiff. Defendant appeals. Judg-
ment *affirmed.*

McFarland & McFarland, for Appellant.

Whitla & Nelson and Voorhees & Canfield, for Respondent.

TRUITT, J.—This action was commenced by the respond-
ent, as plaintiff in the lower court, against the appellant, as
defendant in the said court, for the purpose of restraining
and enjoining said defendant from interfering with the plain-
tiff's receiving booms, sorting works and piling, located in
the Coeur d'Alene river and in Lake Coeur d'Alene, near
and at the mouth of the Coeur d'Alene river in Kootenai
county, Idaho, and to restrain defendant from in any manner
whatever interfering with its receiving and intercepting the
logs floated down said river, and sorting the same and placing
the same in booms. Upon the hearing of this action, this re-
straining order was granted by the court and made permanent
for the purposes for which it was issued. From this judg-
ment, the defendant appealed.

The same property rights of said plaintiff and defendant
involved in this case were also involved in the case of said
Cameron Lumber Co. against the respondent, Stack-Gibbs
Lumber Co.; and on May 3, 1913, counsel for these respective
parties entered into the following stipulation:

"Whereas, the above-entitled case and the case of Cameron Lumber Co., Ltd., a corporation, plaintiff, against Stack-Gibbs Lumber Co., a corporation, defendant, pending in the above-entitled court, were on, to wit, the 8th day of May, A. D. 1913, consolidated for the purpose of trial in said court, and were thereafter tried together in said court, and,

"Whereas, a judgment was on, to wit, the 21st day of May, A. D. 1913, rendered and entered in said court in said case of Cameron Lumber Co., Ltd., a corporation, plaintiff, against Stack-Gibbs Lumber Co., a corporation, defendant, in favor of said defendant and against said plaintiff, and on June 2, 1913, in said court a judgment was rendered in the above-entitled action in favor of plaintiff, Stack-Gibbs Lumber Co., a corporation, and against said defendant, Cameron Lumber Co., Ltd., a corporation, and

"Whereas, the said Cameron Lumber Co. is desirous of making application and moving for a new trial in each of said cases, and for that purpose, of obtaining the court reporter's transcript of the evidence and proceedings taken upon said trial, and

"Whereas, it is deemed an unnecessary expense to procure and obtain the court reporter's transcript of the evidence and proceedings in each of said cases, and

"Whereas, the plaintiff in the case of Cameron Lumber Co., Ltd., a corporation, plaintiff, against Stack-Gibbs Lumber Co., a corporation, defendant, has procured an order for the court reporter's transcript of the evidence and proceedings, in said case,

"Now, therefore, it is hereby agreed and stipulated by and between the above-named plaintiff and the above-named defendant, by and through their respective attorneys, that the court reporter's transcript of the evidence and proceedings, to be hereafter furnished by said court reporter and lodged with the clerk of said court as required by law, may be used on application and motion of the defendant in the above-entitled action for a new trial herein, and, in the event that a new trial is denied or granted, and an appeal is taken from said order and from the judgment therein to the Supreme

Court of the State of Idaho, that said reporter's transcript may be used on appeal in the above-entitled action in the Supreme Court of the State of Idaho, by either party.

"And it is hereby further stipulated that the defendant in the above-entitled action be not, and it is not hereby required to furnish the reporter's transcript of the evidence and proceedings to be used on motion for a new trial, or on appeal to the Supreme Court of the State of Idaho, in the above-entitled action.

"Dated this 3d day of May, 1913.

"WHITLA & NELSON,
"Attorneys for Plaintiff.
"McFARLAND & McFARLAND,
"Attorneys for Defendant."

The testimony in this case was substantially the same as in the said case of the Cameron Lumber Co. against this respondent, and it is controlled in its principles of law by the decision just announced in that case. We have examined the evidence in this case in connection with the findings of fact by the court and its conclusions of law, and upon the authority of said case of the Cameron Lumber Co. against this respondent, the judgment of the lower court is affirmed, and costs are awarded to the respondent.

Sullivan, C. J., and Budge, J., concur.